JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KELPHALA SESSAY

## DEFENDANTS
PEOPLES COMMERCE, INC. and ADMIRAL RECOVERY SYSTEMS, LLC

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
CARY L. FLITTER and ANDREW M. MILZ
FLITTER MILZ, P.C., 450 N. Narberth Avenue, Suite 101
Narberth, PA 19072, Phone: (610) 822-0782

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practices Act, 15 U.S.C. § 1692
Brief description of cause:
Violations of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 7/19/17

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| KELPHALA SESSAY | : | CIVIL ACTION |
| v. | : | |
| PEOPLES COMMERCE, Inc. | : | NO. |
| and | : | |
| ADMIRAL RECOVERY SYSTEM, LLC. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| July 19, 2017 | _(signature)_ | ANDREW M. MILZ, ESQ. |
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| 610-822-0782 | 610-667-0552 | AMILZ@CONSUMERSLAW |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

UNITED STATES DISTRICT COURT APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2114 S. Lloyd Street, Philadelphia, PA 19142

Address of Defendants: 1001 Ridge Pike, Conshohocken, PA 19428 and 4410 Belgrade Street, Unit N, Philadelphia, PA 19137

Place of Accident, Incident or Transaction: 2114 S. Lloyd Street, Philadelphia, PA 19142

*Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

RELATED CASE, IF ANY:

Case Number:_____ Judge _____ Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
     (Please specify)

(Please specify) Fair Debt Collection Practices Act, 15 U.S.C. §1692; Fair Credit Extension Uniformity Act, 73 P.S. §2270.1; and Uniform Commercial Code.

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Andrew M. Milz, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought

DATE: 7/19/17     _____     207715
                   Attorney-at-Law                  Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: July 19, 2017     _____     207715
CIV.609 (4/03)           Attorney-at-Law              Attorney I.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELPHALA SESSAY<br>2114 S. Lloyd Street<br>Philadelphia, PA 19142<br><br>                              Plaintiff,<br>vs.<br><br>PEOPLES COMMERCE, INC.<br>1001 Ridge Pike<br>Conshohocken, PA 19428,<br><br>and<br><br>ADMIRAL RECOVERY SYSTEM, LLC<br>4410 Belgrade Street, Unit N,<br>Philadelphia, PA 19137,<br><br>                              Defendants. | CIVIL ACTION<br><br>NO. |

## COMPLAINT

### I.      INTRODUCTION

1.      Defendant Peoples Commerce Inc. is a "buy here, pay here" car lot. Peoples Commerce sent a repo man, Admiral Recovery Systems, LLC to Plaintiff's mother's home on a Sunday morning to repossess Plaintiff's vehicle although Plaintiff was not in default and there was no lawful reason or basis to repossess.

2.      In the process of repossessing Plaintiff's vehicle, Defendants' repo man pulled a gun on Plaintiff, and threatened and physically assaulted Plaintiff, thereby causing a public commotion, embarrassment and breach of the peace.

3.      The police were called and appeared. Over Plaintiff's objection, the police assisted the Defendants in their successful attempts to take Plaintiff's vehicle.

1

4. Defendants did not have a right to repossess Plaintiff's vehicle. In the process of taking Plaintiff's vehicle, Defendants caused a commotion, embarrassment, and breach of the peace. As a direct result of Defendants' conduct, Plaintiff has suffered physical and emotional damages.

5. Plaintiff brings this action for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq.*, ("FCEUA"), Pennsylvania's Uniform Commercial Code, and a state common law.

## II. JURISDICTION

6. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

7. Supplemental jurisdiction is proper for the state law claims under 28 U.S.C. § 1367.

8. *In personam* jurisdiction exists and venue is proper, as Defendants do business in this district and all events occurred in this district.

## III. PARTIES

9. Plaintiff Kelphala Sessay is a consumer who resides in Philadelphia, PA at the address captioned.

10. Defendant Peoples Commerce Inc. ("Peoples Commerce") is a Pennsylvania corporation with a mailing address as captioned.

11. Peoples Commerce is in the business of vehicle financing and leasing principally through its "buy here, pay here" lot.

2

12. Defendant Admiral Recovery System, LLC ("Admiral" or "Repo Man") is a limited liability company with an address as captioned.

13. At all times relevant hereto, Admiral was the repossession agent of Peoples Commerce.

14. Peoples Commerce is liable for the acts of its agent repossession company Admiral.

IV. **STATEMENT OF CLAIM**

*Breach of the Peace*

15. On Sunday July 31, 2016, at about 9:30 a.m., Defendant Admiral, on behalf of and at the direction of Peoples Commerce, showed up at Plaintiff's mother's residence, at 2215 Shields Street, Philadelphia, to repossess Mr. Sessay's 2006 Hyundai Sonata vehicle.

16. Plaintiff was in the driver's seat of the car and his wife and 8 year old daughter were passengers; they were stopping by the mother's residence on their way to church.

17. As Plaintiff entered the vehicle and began closing the door, Admiral's repo man put his foot in the door to prevent it from closing, identified himself as a repo man, and demanded that Plaintiff give him the keys.

18. When Plaintiff refused, Admiral's Repo Man elbowed Mr. Sessay in the stomach, then lunged into the car across Mr. Sessay to try to wrestle the keys from his right hand.

19. The full weight of Repo Man was on Mr. Sessay's abdomen such that the force of the struggle popped a large button off of Mr. Sessay's suit coat, and aggravated a surgical wound on Mr. Sessay's stomach.

20. Repo Man then withdrew from the car and threatened, "Now I'm gonna arrest you."

21. Admiral's Repo Man drew his gun from a holster at his hip, grabbed and twisted Plaintiff's wrist, and demanded that he let go of the keys.

22. At some point during this struggle, the Repo Man's gun was re-holstered.

23. Plaintiff refused to hand over his keys despite the pain and the threat.

24. Admiral's Repo Man caused such a commotion that neighbors came outside and yelled to Plaintiff to give Repo Man the keys because he had a gun.

25. Police officers arrived at the scene at this time.

26. Admiral's Repo Man threatened Plaintiff that he would say that the car was stolen if he did not turn over the keys.

27. When Plaintiff refused again, Admiral's Repo Man told the police that Mr. Sessay was in a stolen vehicle.

28. The officers checked Mr. Sessay's paperwork and confirmed that he lawfully leased the vehicle.

29. The officers talked to Admiral's Repo Man and looked at something on his phone that was never shown to Plaintiff, then the police took Plaintiff's keys and gave them to Repo Man.

30. After the police gave Admiral's Repo Man the keys, Repo Man hooked the vehicle up to a tow truck and left the scene.

31. Each event – the proceeding over Mr. Sessay's objection, the confrontation, the physical assault, and the involvement of police – in and of itself, and in combination, constituted a breach of the peace.

32. Plaintiff's eight year old daughter was sitting in the back seat at the time that Admiral's Repo Man physically attacked and violently threatened Plaintiff. She cried from the beginning of the incident until after the family was able to leave the scene.

***Wrongful Repossession***

33. The Hyundai should never have been repossessed as Mr. Sessay was overpaid on his lease.

34. On January 21, 2016, Plaintiff leased a used 2006 Hyundai Sonata from Peoples Commerce for primarily personal and family use.

35. Pursuant to the lease agreement, Peoples Commerce took a security interest in the vehicle.

36. Plaintiff experienced electrical issues with the car evidenced by the radio shutting off and problems with the lights.

37. Plaintiff took the vehicle to Defendant's garage to have it fixed, however the problems continued without any change.

38. Plaintiff regularly paid on the vehicle lease on time.

39. As part of his regularly-scheduled payments, Mr. Sessay paid his May payment on May 3, 2016 in the usual amount of $320.00.

40. Then, without warning or any cause, Peoples Commerce took $415.32 from Plaintiff's bank account on May 4, 2016.

41. As a result of this unauthorized overdraft, Mr. Sessay's bank account was drawn down to $2.47 without warning.

5

42. After Mr. Sessay complained the he made the payment the day before on time, the Payment Manager emailed Mr. Sessay to say that it was a mistake and that the unauthorized $415.32 would be returned to his account.

43. The unauthorized payment was never returned.

44. When the June payment became due, Mr. Sessay asked that the amount taken without authorization or reason from his account be applied to his June bill.

45. Peoples Commerce stated that it considered the unauthorized amount the Payment Manager withdrew returned to Plaintiff, and insisted that Mr. Sessay pay his June payment. But Peoples Commerce never returned the $415.32 it stole from his account.

46. Mr. Sessay paid the regularly-scheduled July payment. At that time, his account should have had a $95.32 *credit*, with all payments made either on time or early.

47. Despite Plaintiff making all of his payments, Peoples Commerce improperly proceeded with the repossession of Plaintiff's vehicle on the basis of a missed June 2016 payment.

### *Defendants Admit their Wrongful Conduct*

48. After the wrongful repossession on July 31, 2016, Plaintiff contacted Peoples Commerce to complain. The car lot's Manager was already knowledgeable about the repo and apologized for what happened.

49. The Manager offered to return Plaintiff his vehicle. Mr. Sessay refused because of the vehicle's defective electrical system and his mistrust of Peoples Commerce.

50. The Manager offered to form a new lease for a different vehicle. Mr. Sessay refused because he did not want to enter into new business with Peoples Commerce.

51. One week after the vehicle was repossessed, Plaintiff contacted Peoples Commerce to retrieve his personal property. Peoples Commerce stated that it was too late because it already leased the vehicle to someone else, despite its known electrical problems.

52. Plaintiff asked Peoples Commerce to return his handicap placard. Peoples Commerce stated that the vehicle did not arrive to its possession with a handicap placard.

53. Despite already being told he was unable to retrieve his personal property, Mr. Sessay received a misleading letter from Peoples Commerce dated August 15, 2016 regarding "Notice of Vehicle Repossession." Among other things, the letter stated, "If you wish to collect any personal property that may have been contained in the vehicle, please contact Peoples Commerce within 5 days and we can make arrangements for you to pick it up."

***Defendants Directly Caused Great Harm to Mr. Sessay***

54. Defendants improperly and by breach of the peace took the vehicle with force from Plaintiff over Plaintiff's objections.

55. Plaintiff and his family were frightened, embarrassed and upset by this incident.

56. Defendants' repossession of Plaintiff's vehicle was not commercially reasonable. There was, at the time of the repossession, no then-present right to repossess or take possession of Plaintiff's car.

57. As a result of Defendants' conduct, Plaintiff has suffered pecuniary loss, mental and emotional distress, fear, worry, humiliation, and embarrassment.

58. Plaintiff has also expended significant time and effort trying to address the wrongful repossession of his vehicle.

59. Repossession without a Court Order is an inherently dangerous activity under law. The lender's duty to act properly, in good faith, and lawfully is non-delegable.

## COUNT I
### (Fair Debt Collection Practices Act)

60. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

61. Plaintiff is a "consumer" as that term is defined under the FDCPA, 15 U.S.C. §1692a(3).

62. Defendant Admiral is a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

63. The FDCPA prohibits a debt collector from engaging in unfair or unconscionable means to collect or attempt to collect a debt, including taking any non-judicial action to effect dispossession or disablement of property when there is no present right to do so. 15 U.S.C. §1692f(6).

64. There was no default and thus no present right to repo Mr. Sessay's vehicle.

65. Defendants' breach of the peace dissolved any present right to repo Mr. Sessay's vehicle.

66. Defendant Admiral violated the FDCPA by repossessing Plaintiff's vehicle when it had no lawful right to do so.

**WHEREFORE**, Plaintiff Kelphala Sessay respectfully requests judgment be entered in his favor against Defendant Admiral Recovery System, LLC for:

    (a)    Damages;

    (b)    Attorney's fees and costs; and

    (c)    Such other and further relief as the Court shall deem just and proper.

## COUNT II
### (Fair Credit Extension Uniformity Act)

67. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

68. Defendants engaged in unfair or deceptive debt collection activity in violation of the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq.*, including:

    (a) taking action it was not legally entitled to take in violation of the FCEUA, 73 P.S. §2207.4(b)(5)(v);

    (b) using unfair or unconscionable means to collect or attempt to collect a debt, in violation of the FCEUA, 73 P.S. §2207.4(b)(6) including taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property; and

    (c) engaging in conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt claimed due, in violation of the FCEUA, 73 P.S. §2207.4(b)(4).

69. A violation of the FCEUA is a *per se* violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, *et seq.*,

70. As a result of Defendants' conduct, Plaintiff has been damaged and has suffered ascertainable loss of money or property.

71. Defendant Peoples Commerce is responsible and liable for the acts of its agent, Defendant Admiral.

**WHEREFORE,** Plaintiff Kelphala Sessay respectfully requests that judgment be entered in his favor and against Defendants Peoples Commerce Inc. and Admiral Recovery System, LLC for:

9

(a) Damages, including treble damages, 73 P.S. § 201-1, *et seq.*;

(b) Reasonable attorney's fees and costs; and

(c) Such other relief as the Court may deem just and proper.

### COUNT III
### (Uniform Commercial Code)

72. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

73. Under Pennsylvania's Uniform Commercial Code, 13 Pa. C.S. § 2A525(c) provides that a lessor can only repossess a vehicle in the event of a default and without judicial process if the repossession proceeds without a breach of the peace.

74. Here, Plaintiff was not in default when the repossession was ordered and the repossession, conducted without judicial process, constituted a breach of the peace.

75. As a result of the above-described wrongful acts in repossessing Plaintiff's vehicle, Mr. Sessay has been damaged.

76. Defendant Peoples Commerce is responsible and liable for the acts of its agent, Defendant Admiral.

**WHEREFORE**, Plaintiff, Kelphala Sessay respectfully requests that judgment be entered in his favor and against Defendant Peoples Commerce Inc., for:

(a) Damages;

(b) Interest; and

(c) Such other relief as the Court may be deem just and proper.

## COUNT IV
### (Battery)

77. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

78. Defendant Admiral touched and contacted Mr. Sessay in his attempt to obtain the key to the vehicle.

79. Defendant Admiral intended this contact in an attempt to overpower and threaten Mr. Sessay.

80. Mr. Sessay did not consent to the contact, and was damaged by the contact.

81. Defendant Peoples Commerce is responsible and liable for the acts of its agent, Defendant Admiral.

**WHEREFORE**, Plaintiff Kelphala Sessay respectfully requests judgment be entered in his favor against Defendants Peoples Commerce Inc. and Admiral Recovery System, LLC for:

(a) Damages;

(b) Attorney's fees and costs;

(c) Punitive damages; and

(d) Such other and further relief as the Court shall deem just and proper.

## COUNT V
### (Negligence)

82. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

83. Defendants acted in a commercially unreasonable manner.

84. Defendants breached the duty of the standard of care.

85. Plaintiff was physically assaulted and lost his vehicle as a result of Defendants' unreasonable acts and breach of the standard of care.

86. Defendant Peoples Commerce is responsible and liable for the acts of its agent, Defendant Admiral.

**WHEREFORE**, Plaintiff Kelphala Sessay respectfully requests judgment be entered in his favor against Defendants Peoples Commerce Inc. and Admiral Recovery System, LLC for:

(a) Damages;

(b) Attorney's fees and costs; and

(c) Such other and further relief as the Court shall deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Date: 7/19/17

Respectfully submitted:

CARY L. FLITTER
ANDREW M. MILZ
Attorneys for Plaintiff

**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0781