# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| Kelphala Sessay, | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiffs, | **CIVIL ACTION** |
| | |
| v. | July Term, 2016 |
| | |
| Peoples Commerce, Inc., | |
| | Case No: 161302189 |
| And | |
| | |
| Admiral Recovery System, LLC | |
| | |
| Defendants | |

---

## ANSWER OF DEFENDANT PEOPLES COMMERCE, INC. TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, PEOPLES COMMERCE ("PCI" or "Answering Defendant"), by and through its counsel, hereby files this Answer with Affirmative Defenses and Counterclaim.  This answer shall not waive any applicable defenses.  Defendant does not waive their right to respond to any specific complaint by way of motion if permissible under the Federal Rules of Civil Procedure.  Defendant denies each and every allegation contained in plaintiff's complaint that relates to or is directed to defendant and/or any of their purported agents or employees.  Defendant denies that plaintiff has been damaged to any extent or in any amount.  Defendant denies that plaintiff is entitled to any relief in any form whatsoever from defendant.  Defendant denies that there is any theory in law or fact or any legal relationship under which plaintiff is entitled to damages in any amount or from defendant.  Defendant further responds to plaintiff's complaint as follows:

## I.      INTRODUCTION

1.  Denied.  The allegations of this paragraph are denied.  Answering defendant is a company that provides vehicle leasing contracts.  The remaining allegations refer to entities other than answering defendant and those allegations are denied.

2.  Denied.  The allegations of this paragraph are denied. Certain allegations of this paragraph pertain to entities or persons other than answering defendant.  To the extent that any allegations are directed to answering defendant, said allegations are denied.  Specifically, answering defendant did not have a "repo man" and had no employees, agents or contractors with such a designation.  Furthermore, the allegations in this paragraph pertain to people and/or events over which answering defendant had no control or knowledge.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies these allegations.

3.  Denied in Part and Admitted in Part. Certain allegations of this paragraph pertain to entities other than answering defendant.  To the extent that any allegations are directed to answering defendant, said allegations are denied.  It is admitted only that at some point answering defendant rightfully obtained a vehicle owned by answering defendant.

4.  Denied.  Certain allegations of this paragraph pertain to entities other than answering defendant.  To the extent that any allegations are directed to answering defendant, said allegations are denied.  Answering defendant acted within the scope of its leasing contract and the law at all times referenced in this complaint.

Answering defendant is without sufficient information or knowledge to form a belief as to any injuries or damages to Plaintiff therefore said allegations are denied.

5. Denied. The allegations of this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is required the allegations of this paragraph are denied.

## II.    JURISDICTION

*Defendant hereby incorporates its responses to the preceding paragraphs as if fully set forth herein.*

6. The allegations of this paragraph are conclusions of law to which no responsive pleading is required. Therefore, the allegations of this paragraph are denied.

7. The allegations of this paragraph are conclusions of law to which no responsive pleading is required. Therefore, the allegations of this paragraph are denied.

8. The allegations of this paragraph are conclusions of law to which no responsive pleading is required. Therefore, the allegations of this paragraph are denied.

## III.   PARTIES

*Defendant hereby incorporates its responses to the preceding paragraphs as if fully set forth herein.*

9. Denied. The allegations of this paragraph pertain to entities other than answering defendant. Therefore, these allegations are denied.

10. Admitted.

11. Denied. The allegations of this paragraph are denied as stated. It is admitted that answering defendant is in the business of providing vehicle leasing contracts. The remaining allegations of this paragraph are denied.

12. Denied.  The allegations of this paragraph are directed to entities other than answering defendants.  Therefore, these allegations are denied.

13. Denied.  Answering defendant does not have any agents known as a repossession company.

14. Denied.  Answering defendant denies any and all liability for the acts of any person or entity named in Plaintiff's complaint. Furthermore, it is denied that any relationship between Peoples Commerce and any other person or entity exists such that answering defendant would be liable for such person or entity.

IV.   **STATEMENT OF CLAIM**

*Defendant hereby incorporates its responses to the preceding paragraphs as if fully set forth herein.*

**Breach of the Peace**

15. Denied.  Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph.  The allegations of this paragraph pertain to people or entities other than answering defendant.  Therefore, the allegations of this paragraph are denied.

16. Denied.  Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph.  The allegations of this paragraph pertain to people or entities other than answering defendant.  Therefore, the allegations of this paragraph are denied.

17. Denied.  Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph.  The allegations of this

paragraph pertain to people or entities other than answering defendant. Therefore, the allegations of this paragraph are denied.

18. Denied. Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph. The allegations of this paragraph pertain to people or entities other than answering defendant. Therefore, the allegations of this paragraph are denied.

19. Denied. Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph. The allegations of this paragraph pertain to people or entities other than answering defendant. Therefore, the allegations of this paragraph are denied.

20. Denied. Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph. The allegations of this paragraph pertain to people or entities other than answering defendant. Therefore, the allegations of this paragraph are denied.

21. Denied. Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph. The allegations of this paragraph pertain to people or entities other than answering defendant. Therefore, the allegations of this paragraph are denied.

22. Denied. Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph. The allegations of this paragraph pertain to people or entities other than answering defendant. Therefore, the allegations of this paragraph are denied.

23. Denied.  Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph.  The allegations of this paragraph pertain to people or entities other than answering defendant.  Therefore, the allegations of this paragraph are denied.

24. Denied.  Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph.  The allegations of this paragraph pertain to people or entities other than answering defendant.  Therefore, the allegations of this paragraph are denied.

25. Denied.  Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph.  The allegations of this paragraph pertain to people or entities other than answering defendant.  Therefore, the allegations of this paragraph are denied.

26. Denied.  Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph.  The allegations of this paragraph pertain to people or entities other than answering defendant.  Therefore, the allegations of this paragraph are denied.

27. Denied.  Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph.  The allegations of this paragraph pertain to people or entities other than answering defendant.  Therefore, the allegations of this paragraph are denied.

28. Denied.  Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph.  The allegations of this

paragraph pertain to people or entities other than answering defendant. Therefore, the allegations of this paragraph are denied.

29. Denied. Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph. The allegations of this paragraph pertain to people or entities other than answering defendant. Therefore, the allegations of this paragraph are denied.

30. Denied. Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph. The allegations of this paragraph pertain to people or entities other than answering defendant. Therefore, the allegations of this paragraph are denied.

31. Denied. Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph. The allegations of this paragraph pertain to people or entities other than answering defendant. Therefore, the allegations of this paragraph are denied.

32. Denied. Answering defendant is without information or knowledge sufficient to form a belief as to the allegations of this paragraph. The allegations of this paragraph pertain to people or entities other than answering defendant. Therefore, the allegations of this paragraph are denied.

***Wrongful Repossession***

33. Denied. Plaintiff's vehicle was recovered in accordance with the law and the lease contract. Specifically, Plaintiff was delinquent in his payments and in default with respect to the lease contract.

34. Denied in Part and Admitted in Part.  It is admitted that Plaintiff or his representative entered into a lease contract for a 2006 Hyundai Sonata on or about January 21, 2016.  As to the remaining allegations of this paragraph, answering defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore said allegations are denied.

35. Denied.  This allegation is denied as stated.  Answering defendant provides lease contracts to its customers. It maintains ownership of the vehicle throughout the pendency of the lease.

36. Denied as stated.  The allegations of this paragraph are denied.  It is admitted only that Plaintiff had the leased vehicle serviced at 6729 Essington Avenue in Philadelphia Pennsylvania.

37. Denied.  The allegations of this paragraph are denied as stated.  It is admitted only that Plaintiff had the leased vehicle serviced at 6729 Essington Avenue in Philadelphia Pennsylvania.  The remaining allegations of this paragraph are denied.

38. Denied.  Plaintiff's lease contract began on or about January 21, 2016 and the lease terminated on August 15, 2016.  During this period, Plaintiff was late with his agreed upon payment approximately four (4) times.

39. Denied in Part and Admitted in Part.  It is admitted that on or about May 2, 2016 Plaintiff made a payment on his lease. The remaining allegations of this paragraph are denied.

40. Denied in part and Admitted in part.  It is admitted that answering defendant accepted a second payment om May 2, 2016.  The remaining allegations of this paragraph are denied.

41. Denied.   It is denied that answering defendant caused or participated in an unauthorized overdraft.  Answering defendant is without information or knowledge sufficient to form a belief as to the remaining allegations in this paragraph. Therefore, same are denied.

42. Denied.  The allegations of this paragraph are denied.  Except that answering defendant did reverse a charge for Plaintiff at his request.

43. Denied.  On May 2, 2016 answering defendant rightfully accepted two payments from Plaintiff.  On May 2, 2016, the same day, one of the payments was returned to Plaintiff.

44. Denied.  The allegations of this paragraph are denied.  Except that answering defendant admits that the June payment came due and Plaintiff did not pay.

45. Denied.   The allegations of this paragraph are denied as stated.   Answering defendant did not steal any money from Plaintiff.  However, Plaintiff did and still does owe money for his June 2016 payment.

46. Denied.  Plaintiff's account remained in arrears.  The Plaintiff still owes a debt to the answering defendant.

47. Denied.  Plaintiff's account was and is in arrears.

***Defendants Admit their Wrongful Conduct***

48. Denied.  Except that Plaintiff did contact answering defendant regarding the status of his account and bringing the account current.

49. Denied.  Plaintiff scheduled an appointment with the customer care representative. Plaintiff failed to attend that appointment.

50. Denied.  The allegations of this paragraph are denied.

51. Denied.  The allegations of this paragraph are denied.

52. Denied.  The allegations of this paragraph are denied. Answering defendant is without information or knowledge sufficient to form a belief as to truth of the allegations of this paragraph.

53. Denied.  It is denied that answering defendant sent a misleading letter.  The remaining allegations of this paragraph are also denied.

*Defendants Directly caused Great Harm to Mr. Sessay*

54. Denied.  The allegations in this paragraph are directed to entities other than answering defendant.  To the extent that any allegations are directed to answering defendant same are denied.

55. Denied.  Answering defendant is without information and knowledge sufficient to form a belief as to the allegations in this paragraph.  Therefore, same are denied.

56. Denied.  Answering Defendant at all times referenced acted within the law and pursuant to the lease agreement.

57. Denied.  Answering defendant is without information and knowledge sufficient to form a belief as to the allegations in this paragraph.  Therefore, same are denied. Furthermore, no act or omission of answering defendant is the cause of any loss or harm to Plaintiff.

58. Denied.  It is denied that the vehicle owned by answering defendant came into its possession wrongfully.  As to any time expended by Plaintiff, answering defendant is without information or knowledge sufficient to form a belief as to these allegations and they are denied.

59. Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent that a response is required these allegations are denied.

## COUNT I

## (FAIR DEBT COLLECTION PRACTICES ACT)

60. Answering defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

61. Denied. The allegations of this paragraph relate to entities other than answering defendant. The allegations of this paragraph are conclusions of law to which no response is required.  To the extent that a response is required these allegations are denied.

62. Denied.  The allegations of this paragraph relate to entities other than answering defendant.  The allegations of this paragraph are conclusions of law to which no response is required.  To the extent that a response is required these allegations are denied.

63. Denied.  The allegations of this paragraph relate to entities other than answering defendant.  The allegations of this paragraph are conclusions of law to which no response is required.  To the extent that a response is required these allegations are denied.

64. Denied.  Answering defendant came into legal possession of the subject vehicle.

65. Denied.  The allegations of this paragraph relate to entities other than answering defendant.  The allegations of this paragraph are conclusions of law to which no

response is required.  To the extent that a response is required these allegations are denied.

66. Denied.  The allegations of this paragraph relate to entities other than answering defendant.  The allegations of this paragraph are conclusions of law to which no response is required.  To the extent that a response is required these allegations are denied.

**WHEREFORE,** Defendant Peoples Commerce denies that plaintiff is entitled to the relief sought in the within complaint or any relief whatsoever, and respectfully asks that the Court enter judgment in its favor and against Plaintiff and that it award Peoples Commerce its costs in this action, its counter claim and any other relief as the Court deems just and proper.

## <u>COUNT II</u>

## <u>(FAIR CREDIT EXTENSION UNIFORMITY ACT)</u>

67. Answering defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

68. a-c Denied.  The allegations of this paragraph relate to entities other than answering defendant.  The allegations of this paragraph are conclusions of law to which no response is required.  To the extent that a response is required these allegations are denied.

69. Denied.  The allegations of this paragraph relate to entities other than answering defendant.  The allegations of this paragraph are conclusions of law to which no response is required.  To the extent that a response is required these allegations are denied.

70. Denied.  Answering defendant denies any liability and/or responsibility for any damage or suffering of any party to this action.

71. Denied.  Answering defendant denies any responsibility or liability to any party in this action.  Furthermore, some of the allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required these allegations are denied.

**WHEREFORE,** Defendant Peoples Commerce denies that plaintiff is entitled to the relief sought in the within complaint or any relief whatsoever, and respectfully asks that the Court enter judgment in its favor and against Plaintiff and that it award Peoples Commerce its costs in this action, its counter claim and any other relief as the Court deems just and proper.

## <u>COUNT III</u>

### (UNIFORM COMMERCIAL CODE)

72. Answering defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

73. Denied. The allegations of this paragraph are conclusions of law to which no response is required.  To the extent that a response is required these allegations are denied.

74. Denied.  At all times, answering defendant acted in compliance with the law and pursuant to the lease agreement.  Certain allegations pertain to entities other than answering defendant.  Therefore, these allegations are denied.

75. Denied.  At all times, answering defendant acted in compliance with the law and pursuant to the lease agreement.  Certain allegations pertain to entities other than

answering defendant.  Therefore, these allegations are denied.  Furthermore, answering defendant denies that Plaintiff has been damaged in any way.

76. Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent that a response is required, these allegations are denied.  At all times, answering defendant acted in compliance with the law and pursuant to the lease agreement.  Certain allegations pertain to entities other than answering defendant.  Therefore, these allegations are denied

**WHEREFORE,** Defendant Peoples Commerce denies that plaintiff is entitled to the relief sought in the within complaint or any relief whatsoever, and respectfully asks that the Court enter judgment in its favor and against Plaintiff and that it award Peoples Commerce its costs in this action, its counter claim and any other relief as the Court deems just and proper.

## COUNT IV

## (BATTERY)

77. Answering defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

78. Denied.  These allegations pertain to entities other than answering defendant.  Therefore, these allegations are denied.  Answering defendant denies any allegations that it is responsible for the acts and/or omissions of any other entity.

79. Denied.  These allegations pertain to entities other than answering defendant.  Therefore, these allegations are denied.  Answering defendant denies any allegations that it is responsible for the acts and/or omissions of any other entity.

80. Denied.  Answering defendant does not have sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.  Therefore,

these allegations are denied.  Answering defendant denies that Plaintiff was injured or damaged in any way.

81. Denied.  Certain of the allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is required answering defendant denies that it is liable for the acts and or omissions of any other entity or person.

**WHEREFORE,** Defendant Peoples Commerce denies that plaintiff is entitled to the relief sought in the within complaint or any relief whatsoever, and respectfully asks that the Court enter judgment in its favor and against Plaintiff and that it award Peoples Commerce its costs in this action, its counter claim and any other relief as the Court deems just and proper.

## <u>COUNT V</u>

## <u>(NEGLIGNCE)</u>

82. Answering defendant incorporates its responses to the preceding paragraphs and if fully set forth herein.

83. Denied.  Certain allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is required these allegations are denied.  Certain allegations of this paragraph pertain to entities or persons other than answering defendant.  These allegations are denied.  Answering defendant states that it acted in compliance with the law and pursuant to its lease agreement at all times.

84. Denied.  Certain allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is required these allegations are denied.  Certain allegations of this paragraph pertain to entities or persons other

than answering defendant.  These allegations are denied.  Answering defendant states that it acted in compliance with the law and pursuant to its lease agreement at all times.

85.  Denied.  Certain allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is required these allegations are denied.  Certain allegations of this paragraph pertain to entities or persons other than answering defendant.  These allegations are denied.  Answering defendant states that it acted in compliance with the law and pursuant to its lease agreement at all times.  Furthermore, answering defendant is not liable for the acts and/or omissions of any other entity or person.

86.  Denied.  Certain allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is required these allegations are denied.  Certain allegations of this paragraph pertain to entities or persons other than answering defendant.  These allegations are denied.  Answering defendant states that it acted in compliance with the law and pursuant to its lease agreement at all times.  Furthermore, answering defendant is not liable for the acts and/or omissions of any other entity or person.

**WHEREFORE,** Defendant Peoples Commerce denies that plaintiff is entitled to the relief sought in the within complaint or any relief whatsoever, and respectfully asks that the Court enter judgment in its favor and against Plaintiff and that it award Peoples Commerce its costs in this action, its counter claim and any other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses and avers as follows.  Discovery and investigation could reveal that one or more affirmative defense should be available to defendant. Defendant asserts the following defenses in order to preserve the right to assert them.  If the facts so warrant, defendant may withdraw any of the defenses.  Furthermore, defendant reserves the right to amend the answer and defenses in order to assert additional defenses, crossclaims, counterclaims and other claims and defenses as may be determined in the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted and/or fails to plead a claim or claims with requisite specificity.

## SECOND AFFIRMATIVE DEFENSE

Defendant did not violate any duty to or right of plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff may have failed to join indispensable parties or real parties in interest necessary for the just adjudication of this matter.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's actions with respect to plaintiff were taken for legitimate and legal purposes.

## FIFTH AFFIRMATIVE DEFENSE

Defendant acted reasonably to avoid or prevent any harmful conduct.

## SIXTH AFFIRMATIVE DEFENSE

The actions alleged by plaintiff were justified and caused in whole or in part by plaintiff and/or parties over which defendant exercises no command or control.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

Defendant is not liable for any actions proven to have taken place and is not responsible for the acts or omission of anyone found to be responsible.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

Each and every claim may be time barred, in whole or in part by the applicable statute of limitations or may be otherwise untimely.

<u>**NINTH AFFIRMATIVE DEFENSE**</u>

Plaintiff either failed to mitigate his damages, if any, or has fully mitigated his damages.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

At all relevant times, defendant acted reasonably, in good faith and with due diligence towards plaintiff.

<u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>

If the plaintiff has sustained the injuries or losses as alleged in the complaint, such injuries or losses were only sustained after plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury.  Furthermore, such injuries were the result of plaintiff's own culpable conduct, intentional acts, contributory or comparative negligence, assumption of the risk and want of care, Accordingly, any damages recovered should be reduced and/or barred in accordance with the applicable law.

<u>**COUNTERCLAIM**</u>

1.  On or about January 21, 2017 Plaintiff voluntarily and with full knowledge and understanding entered into a lease contract with Peoples Commerce, Inc.

2.  Pursuant to the agreement (see redacted portions of agreement at exhibit A) Plaintiff agreed to make monthly payments on the lease of a 2006 Hyundai Sonata.

3. Plaintiff breached this agreement by not paying the lease as agreed.

4. As a result of plaintiff's breach, defendant has suffered financial loss in the amount of $2,336.00.  This amount is due and owing to plaintiff and this debt to Peoples Commerce, Inc. remains due and owing and is within the statute of limitations for a debt of this kind.

**WHEREFORE,** Defendant demands judgement in its favor in the amount of $2,336 together with fees and interest including costs of court and vehicle recovery and any other relief the court deems just and proper.

Date: 8.25.2017                    Respectfully Submitted,

                    ___/s/ Stephanie M. Pompey_____
                    Stephanie M. Pompey

## VERIFICATION

I, Pablo Martin, state that I am authorized to make this Verification on behalf Defendant, Peoples Commerce Inc., and that the facts contained in the foregoing Answer with New Matter and Cross-Claim(s) are true and correct to the best of my knowledge, information and belief. Further, I understand that the statements herein are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsification to authorities.

Pablo Martin, Vice President
Peoples Commerce, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie M. Pompey, Esquire, do hereby certify that a true and correct copy of

Defendant, Peoples Commerce Inc.'s Answer and New Matter with Cross-Claim(s) was served

by civil e-filing notification upon interested Counsel.

Respectfully submitted,
**PEOPLES COMMERCE, INC.**

*/s/Stephanie M. Pompey*
*Attorney for Defendant, Peoples Commerce*

DATED: June 23, 2017

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 28th day of August, a copy of the foregoing answer was electronically filed via the ECF system.  Electronic notice that the document is available for viewing and downloading from the ECF system will be sent to all counsel of record.

*/s/Stephanie M. Pompey*
Stephanie M. Pompey (83497)